Case 4:15-cv-01039   Document 30   Filed in TXSD on 05/31/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KPI BRIDGE OIL LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-15-1039 |
| | § | |
| LITHUANIAN SHIPPING CO. LTD., | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AGAINST LITHUANIAN SHIPPING CO., LTD.

Monjasa A/S ("Monjasa") filed a Supplemental Admiralty Rule C Complaint against the vessel M/V VENTA ("Vessel"), seeking damages in the amount of $136,411.96 plus interest from the Vessel; her owner, the Lithuanian Shipping Company; and her charterer, the Oceanwide Services GmbH ("Oceanwide"). Monjasa alleged that the Vessel failed to pay for 348 metric tons of bunker fuel that Monjasa provided the Vessel in Karachi, Pakistan on or about February 17, 2015. The Lithuanian Shipping Company retained counsel in May 2015. Counsel advised that the Lithuanian Shipping Company was owned by the Lithuanian government and, as an agency or instrumentality of a foreign state, was covered under Section 603(b) of the Foreign Sovereign Immunities Act. Monjasa released the Vessel from Rule C seizure but confirmed that it would prosecute its action directly against the Company *in personam* under 28 U.S.C. § 1605 *et seq*.

The Lithuanian Shipping Company filed an appearance as the Vessel owner and filed an answer to Monjasa's complaint and counterclaim against Monjasa for wrongful arrest. On February 25, 2016, the Company's counsel filed an unopposed motion to withdraw as counsel of record for the Company. The court granted the motion in February 2016, and entered an order

requiring new counsel to appear within 21 days.  (Docket Entry No. 26).  The Lithuanian Shipping Company failed to appoint new counsel as ordered.  Monjasa moved for entry of default, which the court granted on May 3, 2016.  (Docket Entry No. 28).  Monjasa then moved for a default judgment against the Company, with supporting documents, and notice to the Company.  No response has been filed.  The damages sought are liquidated, and no further hearing is required.

Based on the pleadings, motions, and record, including the attachments to the motion for default judgment, the following order is entered.

1. Monjasa's Motion for Default Judgment, (Docket Entry No. 29), against the Lithuanian Shipping Company is granted.

2. Default judgment is entered against Lithuanian Shipping Company in the principal amount of $170,848.64.  This includes prejudgment interest under Monjasa's Bunker Confirmation and Monjasa's Group General Terms and Conditions 2012, and covers the period from February 19, 2015 through May 12, 2016.  This amount does not include taxable costs of court, which are also awarded to Monjasa, or postjudgment interest, which continues to accrue on the default judgment at the rate of 0.68% *per annum*.

3. Lithuanian Shipping Company's Counterclaim against Monjasa, (Docket Entry No. 14), is dismissed with prejudice.

This is a Final Judgment.

SIGNED on May 31, 2016, at Houston, Texas.

					_____
					Lee H. Rosenthal
					United States District Judge